# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

CHARLES F. GAULDEN, and Wife,  )
RUTH S. GAULDEN,  )
 )
    Plaintiffs/Appellants,  )
 )
 )
VS.  )
 )
 )
ROBERT L. SCRUGGS, and Wife,  )
JOYCE W. SCRUGGS,  )
 )
    Defendants/Appellees.  )

Appeal No.
01-A-01-9708-CH-00417

Davidson Chancery
No. 95-3970-III

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

ROBERT A. ANDERSON
2021 Richard Jones Road, Suite 350
Nashville, Tennessee 37215
    Attorney for Plaintiffs/Appellants

NADER BAYDOUN
JOHN I. HARRIS III
Suite 2420, Nashville City Center
511 Union Street
Nashville, Tennessee 37219
    Attorneys for Defendants/Appellees

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
BUSSART, S.J.

# O P I N I O N

The question in this case is whether a purchaser of mortgaged property, who pays off the mortgage, takes an assignment of the note and deed of trust, and subsequently releases the deed of trust, can then sue the original mortgagee on the note. The Chancery Court of Davidson County dismissed the action. We affirm.

## I.

In 1988 the defendants, Mr. and Mrs. Scruggs, purchased three parcels of property, one parcel from the plaintiffs, Mr. and Mrs. Gaulden. The purchase price was $500,000 and the sellers agreed to help with the financing by taking a down payment of $125,000 and a deed of trust to secure payment of the balance. They also agreed with the Scruggs' to subordinate their security to a first mortgage given to Union Planters Bank. The $225,000 loan from Union Planters was used in part to make the down payment to the sellers.

In 1989 when the Gauldens and the other sellers threatened to foreclose their deeds of trust, the parties worked out an agreement whereby the Scruggs' would transfer the property back to the sellers in full satisfaction of the second mortgage. The Scruggs' signed quitclaim deeds transferring the property to the original sellers. Thus, at that point the original sellers were purchasers of the property subject to a first mortgage to Union Planters Bank.

The Gauldens then purchased the $225,000 note from Union Planters and took an assignment of the first mortgage deed of trust. They immediately released the property they originally owned from the mortgage and sold the property for $333,330. They did not credit the note with any of the proceeds.

Five years later, the Gauldens released the other property covered by the mortgage so that the owner could sell it. Again, they did not give any credit to the first mortgage note.

## II.

The chancellor held that "the merger doctrine applies and that the first mortgage indebtedness was extinguished by the plaintiff's purchase of the first mortgage note and deed of trust at a time when they were also the owners of real property which secured the same indebtedness." We are satisfied that the result was correct, but we are not sure that it should be based on the merger principle. Our hesitation stems from the line of authority that holds a merger does not <u>necessarily</u> occur where the grantee of the mortgaged premises merely takes subject to the mortgage and does not assume it. *See* 55 Am. Jur. 2d *Mortgages* § 1404.

It is clear, however, that where a grantee of mortgaged property takes subject to the mortgage, the land itself "is charged with the mortgage to the same effect as though the purchaser had expressly assumed the payment of the debt or had himself made a mortgage on the land to secure it, and the purchaser must pay the sum due, in equity, on the mortgage if he wishes to relieve the land from the encumbrance." 59 C.J.S. *Mortgages* § 390. *See Sanders v. Lackey*, 439 S.W.2d 610 (Tenn. App. 1969). Since the Gauldens did not expressly (or by implication) assume the debt, they are not personally liable for it, and could not have been sued on it by the bank; but they, in equity, agreed that the land itself was primarily responsible for the payment of the mortgage.

The chancellor held that

> "[T]he defendants, by quitclaiming real property *subject to* the first mortgage indebtedness to the plaintiffs, obtained the legal and equitable right to force the plaintiffs, as the vendees of that property, to apply the proceeds from any subsequent sale of the quitclaimed property to the satisfaction or reduction of the first mortgage

- 3 -

indebtedness. The Court finds that the plaintiffs have sold the quitclaimed property for consideration in excess of the amount of the first mortgage indebtedness and that the defendants therefore have the right to enforce the complete satisfaction of the first mortgage indebtedness out of those sales proceeds."

We think that is a correct view of the relative rights of the Gauldens and the Scruggs' after the Gauldens took the property back subject to the mortgage.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.


_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WALTER W. BUSSART, SPECIAL JUDGE